IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. CIV-23-528-R |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner brings this action under 28 U.S.C. § 2254 seeking habeas corpus relief from his state conviction and sentence. The matter was referred to Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1). Judge Erwin issued a Report and Recommendation [Doc. No. 16] recommending that the action be dismissed as untimely. Petitioner filed a timely Objection [Doc. No. 17] and Request for Certificate of Appealability [Doc. No. 17]. Upon de novo review, the Court concludes that it lacks subject matter jurisdiction over this action.

The Court is required to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts. Additionally, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006) (quotation marks and citation omitted); *see also* Fed. R. Civ. P.12(h)(3).

Petitioner has attempted to challenge his state court conviction through federal habeas relief a number of times. *See, e.g. White v. Yates,* No. CIV-18-1072-R, 2018 WL 6928921, at *1 (W.D. Okla. Nov. 28, 2018), *report and recommendation adopted*, 2019 WL 99269 (W.D. Okla. Jan. 3, 2019); *White v. Farris*, No. CIV-21-868-R, 2021 WL 4901707 (W.D. Okla. Sept. 3, 2021). He therefore needs authorization from the Tenth Circuit to file a second or successive § 2254 habeas petition. 28 U.S.C. § 2244(b)(3)(A). This requirement is "jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition." *Case v. Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013). Petitioner has not received permission to file a second or successive habeas petition and the Court therefore lacks jurisdiction over this action. Additionally, in light of Petitioner's multiple prior attempts at seeking habeas relief and his inability to meet the statutory requirements for authorization for a second or successive petition, the Court declines to transfer this case to the Tenth Circuit.

Accordingly, the Court declines to adopt the Report and Recommendation [Doc. No. 16] and dismisses the Petition [Doc. No. 1] with prejudice as an unauthorized second or successive § 2254 habeas action. All pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

    IT IS SO ORDERED this 18th day of August, 2023.

                                                 *[signature]*
                                                 **DAVID L. RUSSELL**
                                                 **UNITED STATES DISTRICT JUDGE**